```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

ROBERT W. CRENSHAW,

                Plaintiff,

vs.     Case No. 2:03-cv-134-FtM-29SPC

ROBERT LISTER; WILLIAM CLEMENT,
FAWCETT HOSPITAL, DET. CPL. PAUL
TIERNEY, DET. CPL. CHRIS JOHNSON,
EMMITT MERRITT, DET. SGT. RICH
CHANDLER, SANDY OLIVO, SGT. MICHAEL
SAVAGE, DFC STEVE WINDISH,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Michael Savage's Motion to Dismiss Amended Complaint (Doc. #128) and defendant Chris Johnson's Motion to Dismiss Amended Complaint (Doc. #127). Both motions were filed on December 19, 2005. Plaintiff filed his Response on January 9, 2006. (Doc. #129).

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County,

Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests.  Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005).  The Eleventh Circuit imposes "heightened pleading requirements" for section 1983 cases which involve individuals entitled to assert qualified immunity.  Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)).  The heightened pleading standard is not otherwise applicable.  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036 n.16.

Case 2:03-cv-00134-JES-SPC   Document 132   Filed 04/17/06   Page 3 of 12 PageID 601

**II.**

Plaintiff, an inmate currently incarcerated in the Florida penal system and proceeding *pro se*, filed a fifteen-count amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. #112) on October 17, 2005 (the "Amended Complaint"). The Amended Complaint relates to events that occurred during and subsequent to plaintiff's arrest, but prior to his conviction. Plaintiff names, *inter alia*, defendant Michael Savage, a Charlotte County internal affairs officer who investigated plaintiff's claims of excessive use of force against various deputies, and defendant Chris Johnson, a Charlotte County detective who accompanied plaintiff to the hospital and subsequently interrogated plaintiff after his arrest.

The Amended Complaint recounts that on November 28, 2001, after an incident of armed robbery, plaintiff was attacked by a police canine in his attempt to surrender to the local authorities. Plaintiff was then taken to Fawcett Hospital where he received medical treatment for the injuries sustained during the canine attack. Defendant Johnson was present at the Fawcett Hospital while plaintiff was being treated for his injuries. Plaintiff alleges that defendant Johnson "used his police powers to restrict and deny plaintiff proper medical care by his interference with medical doctors, and further, removed the plaintiff from the hospital prior to treatment for all of plaintiff's injuries, which resulted in additional scarring, physical discomfort, and

preventing doctors from conducting and treating all of plaintiff's injuries." (Doc. #112, p. 9). Count VII alleges that Johnson's conduct violated plaintiff's Eighth Amendment right to medical care by removing him from his medical provider before treatment of all injuries.

Following the hospital visit, plaintiff was escorted to "the interrogation room at the Major Crimes Unit." (Id.). Throughout the interrogation, plaintiff claims, defendant Rick Chandler "abused and used his police powers to inflict physical injuries upon the plaintiff while plaintiff was restrained and still in discomfort from the failure to receive his medication." (Id.). Plaintiff also alleged that "defendant Chandler intentional [sic] slammed the palm of his hand against plaintiff's lip and injury to plaintiff's jaw." (Id.).

Plaintiff filed a report surrounding the circumstances of his arrest and interrogation with internal affairs. Defendant Savage, the investigating internal affairs officer, investigated the incident, but failed to follow the Sheriff's Department policy to take written or taped statements from the complainant, and failed to conduct a thorough investigation. This resulted in a coverup, and caused plaintiff to suffer additional physical injuries. Counts XI and XII allege that officer Savage violated plaintiff's Fifth Amendment due process rights by failing to follow established

Sheriff's Department policies in the internal affairs investigation. Additional factual allegations are set forth below.

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To establish a claim under 42 U.S.C. § 1983, plaintiff must prove that (1) defendants deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir.), reh'g and reh'g en banc denied, 277 F.3d 1381 (11th Cir. 2001). In addition, plaintiff must establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

### A. Official Capacity Claims

Plaintiff sues both Johnson and Savage in both their official and individual capacities. However, plaintiff also sues the Sheriff in his official capacity, and therefore the official capacity claims against the deputies will be dismissed. It is well settled that an official capacity suit is essentially a suit against the entity, and is redundant where the entity or its

representative is a party to the suit. McMillian v. Monroe County, 520 U.S. 781, 785 n.2 (1997); Kentucky v. Graham, 473 U.S. 159, 165 (1985); Cooper v. Dillon, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Accordingly, the official capacity claims as to these defendants will be dismissed.

**B. Defendant Chris Johnson**

In his motion, defendant Johnson contends that the Amended Complaint should be dismissed for failure to state a claim. Defendant Johnson argues that (1) the Amended Complaint is devoid of any allegations that plaintiff had a serious medical need at the time of the incident, and (2) plaintiff failed to make allegations as to how defendant Johnson's conduct constituted deliberate indifference of any serious medical need. Plaintiff responds that "the factual allegations state that defendant used his police powers to restrict and delay plaintiff proper medical care by interference and then, by removal from the hospital prior to treatment for all of plaintiff's injuries. Such action if proven, would rise to a level of deliberate indifference sufficient to state a claim for relief." (Doc. #129).

As a pretrial detainee, plaintiff had no Eighth Amendment rights. "In the case of a pre-trial detainee . . . the Eighth Amendment prohibitions against cruel and unusual punishment do not apply." Cook v. Sheriff of Monroe County, Fla., 402 F.3d 1092,

1115 (11th Cir. 2005)(citation and quotation omitted). Rather, plaintiff's right against cruel and unusual punishment as a pretrial detainee is premised on the due process clause of the Fourteenth Amendment. Cook, 402 F.3d at 1115. See also Purcell v. Toombs County, Ga., 400 F.3d 1313, 1318 n.13 (11th Cir. 2005); Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998). This pleading defect is inconsequential, however, because the legal standards under the Eighth Amendment and the Fourteenth Amendment due process clause are the same, and the Eighth Amendment case law is applicable. Cook, 402 F.3d at 1115; Taylor v. Adams, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000); Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425, n.6 (11th Cir. 1997). "Thus, pretrial detainees . . . plainly have a Fourteenth Amendment due process right to receive medical treatment for illness and injuries, . . ." Cook, 402 F.3d at 1115.

The applicable legal standards are well-established. "An officer violates a detainee's Fourteenth Amendment right to due process if he acts with deliberate indifference to the serious medical needs of the detainee." Crosby v. Monroe County, 394 F.3d 1328, 1335 (11th Cir. 2004)(quoting Lancaster, 116 F.3d at 1425). To show deliberate indifference to a serious medical need, plaintiffs must establish both an objective and a subjective prong. Plaintiff must first prove an objectively serious medical need, then he must prove that the jail official acted with an attitude of

deliberate indifference to that need. <u>Bozeman v. Orum</u>, 422 F.3d 1265, 1272 (11th Cir. 2005); <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004); <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003). A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. <u>Brown</u>, 387 F.3d at 1351; <u>Farrow</u>, 320 F.3d at 1243. To establish "deliberate indifference," plaintiffs must prove (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. <u>Bozeman</u>, 422 F.3d at 1272; <u>Brown</u>, 387 F.3d at 1351; <u>Farrow</u>, 320 F.3d at 1245. Inadvertent or negligent failure to provide adequate medical care does not rise to a constitutional violation. <u>Farrow</u>, 320 F.3d at 1243.

Viewing all allegations in the Complaint as true, the Court finds that plaintiff has failed to adequately state a Fourteenth Amendment claim against defendant Johnson. Plaintiff asserts that defendant Johnson interfered with the medical treatment and removed plaintiff from Fawcett Hospital before the doctors could complete the treatment. This Circuit recognizes that "short of refusal, a government official's delay in obtaining medical treatment for a pretrial detainee's serious medical needs also can form the basis

of a Fourteenth Amendment due process claim." Hill, 40 F.3d at 1187. However, the Amended Complaint lacks any factual allegations indicating that plaintiff's remaining untreated medical needs were serious or that Johnson had subjective knowledge of such serious medical needs or acted with more than negligence. Thus, the Court finds that defendant Johnson's Motion to Dismiss is due to be granted.

**C.  Defendant Michael Savage**

Defendant Savage's Motion to Dismiss contends that plaintiff fails to state a claim for a violation of plaintiff's constitutional right against cruel and unusual punishment under the Fourteenth Amendment. For the same reasons as discussed above, the Court finds that this claim should be dismissed. The Amended Complaint lacks any factual allegations relating to the seriousness of plaintiff's medical needs at the time of the incident. Moreover, defendant Savage was not alleged to have been present during the arrest, subsequent medical treatment or interrogation of plaintiff, and there are no allegations regarding his subjective knowledge of plaintiff's medical condition. To the extent that the Amended Complaint includes a cruel and unusual punishment claim against defendant Savage, the Motion to Dismiss is due to be granted.

Plaintiff also brings a claim against defendant Savage for failing to conduct a proper internal affairs investigation into the

conduct of the other officers. Specifically, plaintiff asserts that his right to due process under the Fifth Amendment was violated. However, the Fifth Amendment applies to actions by the federal government, not actions by the state government. <u>Riley v. Camp</u>, 130 F.3d 958, 972 n.19 (11th Cir. 1997). The Court therefore finds that to the extent that plaintiff attempts to bring a Fifth Amendment due process claim, the Motion to Dismiss is due to be granted.

According to the Amended Complaint, defendant Savage "was required to conduct an internal affairs investigation under Charlotte County Sheriff's Department policy . . . however, defendant Savage failed to follow said policy, and as a result thereof, plaintiff suffered injury." (Doc. #112, ¶ 22). In failing to do so, plaintiff asserts that "[d]efendant Savage, by his actions and inactions knowingly and willfully participated in covering up the illegal acts of other defendants with the intent to deprive the plaintiff of proper redress of his rights to adequate medical care and the right to be free from the cruel and unusual punishment inflicted upon plaintiff by the other defendants actions and inactions." (<u>Id.</u>). Plaintiff also claims that "[d]efendant Savage's actions further deprived plaintiff of treatment of injuries not previously treated and was deliberately indifferent to plaintiff's medical needs and right to be free from cruel and unusual punishment." (<u>Id.</u>).

The Eleventh Circuit recognizes a cause of action for failing to conduct a constitutionally sufficient investigation if defendant is arrested as a result of the investigation. <u>Kingsland v. City of Miami</u>, 382 F.3d 1220, 1228-31 (11th Cir. 2004). However, the investigation in this case did not result in his arrest. Defendant Savage's involvement with the incident was limited to the internal affairs investigation of the officers who were involved in plaintiff's arrest, which found no basis for action against these officers. Plaintiff has no standing to complain about the quality of the investigation of others, and has no actionable constitutional cause of action against defendant Savage based on the quality of his investigation. <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1356 (11th Cir. 2002)(Arrestee "has no substantive right of any kind to an investigation of her excessive force complaint by the Sheriff's Office, much less one created by the Constitution," and has no "entitlement to an internal investigation by the Sheriff's Office of her complaints of police brutality."). Thus, defendant Savage's Motion to Dismiss as to the failure to investigate claim is due to be granted.

Accordingly, it is now

**ORDERED**:

1. Defendant Chris Johnson's Motion to Dismiss Amended Complaint (Doc. #127) is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED** without prejudice against defendant Johnson.

2.   Defendant Michael Savage's Motion to Dismiss Amended Complaint (Doc. #128) is **GRANTED**.  Plaintiff's Amended Complaint is **DISMISSED** without prejudice against defendant Savage.

3.   The Clerk of the Court shall withhold entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of April, 2006.

_____
JOHN E. STEELE
United States District Judge