```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION


ROBERT W. CRENSHAW,

                Plaintiff,

vs.                                Case No.  2:03-cv-134-FtM-29SPC

ROBERT LISTER; EMMITT MERRITT, RICK
CHANDLER, WILLIAM CLEMENT, in his
individual capacity, JOHN DAVENPORT,
in his official capacity, FAWCETT
HOSPITAL, Charlotte County, Florida,
SANDY OLIVO, STEVE WINDISH,

                Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on the following motions filed on December 11, 2006: (1) Defendant Steve Windish's Motion to Dismiss Amended Complaint (Doc. #175); (2) Defendant Sheriff Davenport's Motion to Dismiss Amended Complaint (Doc. #176); and (3) Defendant Fawcett Memorial Hospital's Motion to Dismiss Amended Complaint and Motion to Strike Punitive Damages (Doc. #178). Plaintiff Robert Crenshaw filed a response (Doc. #199) on May 16, 2007, only as to the Sheriff's Motion to Dismiss.

**I**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127

S. Ct. 2197, (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8).  See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 2007 U.S. LEXIS 5901, *21 (May 21, 2007)(citations omitted); Erickson v. Pardus, 2007 WL at *3; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke

v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

## II

On October 17, 2005, Plaintiff, an inmate currently incarcerated in the Florida penal system and proceeding *pro se*, filed a fifteen-count amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. #112)(the "Amended Complaint"). The Amended Complaint relates to events that occurred during and subsequent to plaintiff's arrest, but prior to his conviction. Plaintiff names, *inter alia*, defendant Stephen Windish, a Charlotte County deputy sheriff, Charlotte County Sheriff Davenport, and Fawcett Memorial Hospital (hereinafter 'Fawcett Memorial').

The Amended Complaint recounts that on November 28, 2001, after an incident of armed robbery, plaintiff was attacked by a

police canine in his attempt to surrender to the local authorities and as a result suffered injuries. Plaintiff alleges that defendant Windish intentionally prevented him from being treated by medical personnel at the scene of the arrest by removing him from the ambulance prior to the treatment of his injuries. Defendant Windish then placed plaintiff in a patrol vehicle for over one hour prior to transporting him to Fawcett Memorial for treatment. (Doc. #112, p. 6.) Count III alleges that defendant Windish's conduct violated plaintiff's Eight Amendment right to medical care by removing him from the ambulance before treatment of all injuries and detaining him in defendant's vehicle for an extended period of time prior to his transport to the hospital. Count X alleges that defendant Windish violated plaintiff's right to due process under the Fifth Amendment by failing to follow established policies to ensure immediate medical care.

Upon arrival at Fawcett Memorial, plaintiff's multiple injuries were photographed, but he was only treated for injuries to his legs. Plaintiff further alleges that "Fawcett Hospital, acting as the primary care facility for the Charlotte County Sheriff's Office [(CCSO)], and being under contract for such care . . . concede[d] authority to the CCSO to remove plaintiff before medical care was provided for all injuries." (Doc. #112, p. 14.) The Amended Complaint goes on to allege that "from plaintiff's injuries it was apparent that the plaintiff was not completely ambulatory

due to his injuries, yet defendant Fawcett Hospital failed to provide prescription for either a wheelchair or crutches and failed to advise the sheriff's office of plaintiff's restrictive abilities, thereby permitting the other defendants to make medical determinations as to plaintiff's ability to ambulate." Id. Count VIII alleges Fawcett Memorial violated plaintiff's Eighth Amendment rights by failing to treat all of plaintiff's injuries. Additional facts are set forth below as needed.

### III

Title 42 U.S.C. § 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To establish a claim under 42 U.S.C. § 1983, plaintiff must prove that (1) defendants deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir.), reh'g and reh'g en banc denied, 277 F.3d 1381 (11th Cir. 2001). In addition, plaintiff must establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

**A.   Defendant Windish's Motion to Dismiss (Doc. #175)**

Plaintiff sues defendant Windish in both his official and individual capacities.  However, plaintiff also sues Sheriff Davenport in his official capacity.  It is well settled that an official capacity suit is essentially a suit against the entity, and is redundant where the entity or its representative is a party to the suit.  McMillian v. Monroe County, 520 U.S. 781, 785 n.2 (1997); Kentucky v. Graham, 473  U.S. 159, 165 (1985); Cooper v. Dillon, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).  Accordingly, the official capacity claim against defendant Windish will be dismissed with prejudice.

Defendant Windish contends that the Amended Complaint should be dismissed for failure to state a claim.  Defendant Windish argues that in order sustain a Section 1983 action against someone in their individual capacity, the plaintiff must establish that the individual was the particular person who violated plaintiff's constitutional rights. (Doc. #175, p. 4.) Defendant Windish filed an affidavit in support of his motion, which in short asserts that he was not present at the scene of the apprehension and that his only involvement with plaintiff was the execution of an arrest warrant at the sheriff's office and plaintiff's subsequent transport to jail. (Doc. #175-2.) Based on the affidavit, Windish asks this Court to dismiss the case against him.

Defendant Windish relies on matters outside the four corners of the Amended Complaint and not referenced therein. Therefore, the Court cannot consider such a filing on a motion to dismiss without treating the motion as one for summary judgment. See Fed. R. Civ. P. 12(c) and 56. Therefore, the Court will not consider defendant Windish's affidavit.

As a pretrial detainee, plaintiff had no Eighth Amendment rights. "In the case of a pre-trial detainee . . . the Eighth Amendment prohibitions against cruel and unusual punishment do not apply." Cook v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 2005)(citation and quotation omitted). Rather, plaintiff's right against cruel and unusual punishment as a pretrial detainee is premised on the due process clause of the Fourteenth Amendment. Cook, 402 F.3d at 1115. See also Purcell v. Toombs County, Ga., 400 F.3d 1313, 1318 n.13 (11th Cir. 2005); Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998). This pleading defect is inconsequential, however, because the legal standards under the Eighth Amendment and the Fourteenth Amendment due process clause are the same, and the Eighth Amendment case law is applicable. Cook, 402 F.3d at 1115; Taylor v. Adams, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000); Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425, n.6 (11th Cir. 1997). "Thus, pretrial detainees . . . plainly have a Fourteenth Amendment due process

right to receive medical treatment for illness and injuries, . . . ." Cook, 402 F.3d at 1115.

The applicable legal standards are well-established. "An officer violates a detainee's Fourteenth Amendment right to due process if he acts with deliberate indifference to the serious medical needs of the detainee." Crosby v. Monroe County, 394 F.3d 1328, 1335 (11th Cir. 2004)(quoting Lancaster, 116 F.3d at 1425). To show deliberate indifference to a serious medical need, plaintiffs must establish both an objective and a subjective prong. Plaintiff must first prove an objectively serious medical need, then he must prove that the jail official acted with an attitude of deliberate indifference to that need. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005); Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. Brown, 387 F.3d at 1351; Farrow, 320 F.3d at 1243. To establish "deliberate indifference," plaintiffs must prove (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. Bozeman, 422 F.3d at 1272; Brown, 387 F.3d at 1351; Farrow, 320 F.3d at 1245.

Inadvertent or negligent failure to provide adequate medical care does not rise to a constitutional violation. Farrow, 320 F.3d at 1243.

Viewing all factual allegations in the Amended Complaint as true, the Court finds that plaintiff has failed to adequately state a Fourteenth Amendment claim against defendant Windish. Plaintiff asserts that defendant Windish interfered with his medical treatment by removing him from the ambulance before doctors could complete their treatment and then took over an hour to transport him to the hospital. (Doc. #112, ¶16.) This Circuit recognizes that "short of refusal, a government official's delay in obtaining medical treatment for a pretrial detainee's serious medical needs also can form the basis of a Fourteenth Amendment due process claim." Hill, 40 F.3d at 1187. However, the Amended Complaint lacks any factual allegations indicating that plaintiff's remaining untreated medical needs were serious or that defendant Windish had subjective knowledge of such serious medical needs or acted with more than negligence. Thus, the Court finds that defendant Windish's Motion to Dismiss should be granted as to Plaintiff's Eighth Amendment claim, which the Court construed as a claim under the Fourteenth Amendment.

Plaintiff also brings a claim against defendant Windish under the Fifth Amendment. Specifically, plaintiff asserts that his right to due process under the Fifth Amendment was violated by

defendant Windidsh's failure "to follow established policies to ensure immediate medical care." (Doc. #112, p. 18.)  However, the Fifth Amendment applies to actions by the federal government, not actions by the state government.  Riley v. Camp, 130 F.3d 958, 972 n.19 (11th Cir. 1997).  The Court therefore finds that to the extent that plaintiff attempts to bring a Fifth Amendment due process claim, the Motion to Dismiss is due to be granted.  Even if construed as a Fourteenth Amendment due process claim, the motion would still be granted for the same reasons as set forth above.

**B.   Defendant Sheriff Davenport's Motion to Dismiss (Doc. #176)**

Sheriff Davenport is being sued in his official capacity.  The Amended Complaint alleges that:

> The Policy established by the Sheriff . . . was inadequate to protect the rights of plaintiff . . . because he failed to ensure compliance and oversight; failed to properly supervise and train employees, and permitt[ed] the implementation and continued use of an unwritten but acceptable policy of deliberate infliction of injury to prisoners under his care.

(Doc. #112, ¶3.)  Count IV charges that the Sheriff violated defendant's Eighth Amendment rights "through deliberate indifference to plaintiff's medical need by refusing to enforce policy which required immediate medical care for injured prisoners." (Doc. #112, p. 16.) The Amended Complaint goes on to allege that the sheriff violated plaintiff's rights against cruel and unusual punishment under the Eighth Amendment by: (1) failing to enforce department policies relating to medical treatment of

injured prisoners (Count XIII); and (2) failing to alter a defective policy which provided no requirement of taped or recorded interrogations, and failed to provide oversight, supervision or training to reduce and eliminate said policy (Count XIV). (Doc. #112, pp. 19-20.)

Under § 1983, a governmental entity may not be held liable under a theory of *respondeat* superior, but instead may only be held liable when its "official policy" causes a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Plaintiff can establish the requisite "official policy" in one of two ways: (1) identifying an officially promulgated policy, or (2) identifying an unofficial custom or practice shown through the repeated acts of the final policymaker of the entity. Grech v. Clayton County, Ga., 335 F.3d 1326, 1320-30 (11th Cir. 2003). Plaintiff must identify the policy or custom which caused his injury so that liability will not be based upon an isolated incident, McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004)(citations omitted), and the policy or custom must be the moving force of the constitutional violation. Grech, 335 F.3d at 1330. See also Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

Here the Amended Complaint alludes to two departmental policies relating to the treatment of injured prisoners and to the

-11-

taping of interrogations. The Court interprets plaintiff's claim as one arising under the Fourteenth Amendment. The Amended Complaint does not allege that the two identified policies were the "moving force" behind the alleged federal constitutional violations. As such, the Court finds that the Amended Complaint is not sufficiently pled. Therefore the Sheriff's Motion to Dismiss is granted.

**C.    Defendant Fawcett Memorial's Motion to Dismiss (Doc. #178)**

Defendant Fawcett Memorial argues that: (1) the Amended Complaint constitutes a shotgun pleading; (2) plaintiff has not alleged any facts that would support a violation of plaintiff's Eighth Amendment rights; (3) plaintiff has failed to allege that Fawcett Memorial was acting under the color of state law, and (4) plaintiff has not alleged a violation of a custom, policy, or procedure.

A § 1983 claim requires plaintiff to show that the conduct was committed by a person acting under the color of state law at the relevant time. Loren v. Sasser, 309 F.3d 1296, 1303 (11th Cir. 2002), cert. denied, 538 U.S. 1057 (2003). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276-1277 (11th Cir. 2003)(quoting American Mfrs. Mut. Ins. Co. v. Sullivan,

-12-

526 U.S. 40, 49-50 (1999)(internal punctuation and citations omitted)). A private person may be viewed as a state actor under certain circumstances. Focus on Family, 344 F.3d at 1277 (recognizing three tests used to determine whether person was state actor). Action is considered to be under color of state law if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly attributed to the State. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). The Supreme Court has stated that "[w]hat is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity." Brentwood Acad., 531 U.S. at 295. The Supreme Court further noted that "no one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, . . ." Id. Rather, the Supreme Court's prior decisions have "identified a host of facts that can bear on the fairness of such an attribution." Id. at 296. The determination of whether there is action under color of state law is a "necessarily fact-bound inquiry." Id. at 298 (citation omitted).

At this stage of the proceedings, the Court views all allegations in the Amended Complaint in favor of the plaintiff. The Court finds that the alleged contractual relationship between Fawcett Memorial and the Charlotte County Sheriff's Office (Doc. #112, p. 14) is sufficient to allege action under color of state

law at the pleading stage.  See Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003)(private physician under contract with state to provide medical care to inmate acts under color of state law for § 1983 purposes); Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985)(collecting cases finding state action is present when a private entity takes on a traditionally governmental role).  It is not surprising that plaintiff has failed to attach a copy of the contract, and the existence and details of the contract can be established in discovery.  The Court finds that plaintiff has sufficiently plead that Fawcett Memorial acted under color of state law.

Fawcett Memorial also asserts that the Amended Complaint must be dismissed because it fails to allege a violation of custom or policy which was the moving force behind plaintiff's constitutional deprivations.  Fawcett Memorial in essence seeks to be treated as a governmental entity in this regard.  Monell[1] has been extended to private corporations, Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), and therefore Fawcett Memorial cannot be held liable under a theory of *respondent superior.*  Ancata, 769 F.2d at 705 n.8.  Plaintiff has failed to allege a violation of a policy, custom, or procedure that was the moving force behind the alleged

---

[1] Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

-14-

constitutional violation.[2] Therefore, Fawcett Memorial's Motion to Dismiss is granted. Fawcett Memorial also asks this Court to strike plaintiff's demand for punitive damages. (Doc. #178, p. 21.) However, the Court finds no need to address this issue at this time because of its ruling on the various motions.

### D. Plaintiff's Response to Sheriff's Motion to Dismiss (Doc. # 199)

Plaintiff filed a response only as to Sheriff Davenport's Motion to Dismiss. In his response, Plaintiff concedes that he should be proceeding under the Fourth and Fourteenth Amendments. The response asks this Court to either deny the Motion to Dismiss or in the alternative to allow the amendment of the complaint. (Doc. #199, p. 4.) The Court will construe plaintiff's response as a Motion for Leave to Amend the Complaint.

Under Fed. R. Civ. P. 15(a), a party may amend a Complaint only by leave of court or by consent of opposing parties, and "leave shall be freely given when justice so requires," after a responsive pleading has been filed. Reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

---

[2]The Court would note that plaintiff has not alleged a permanent or lasting injury, and mere negligence or malpractice does not rise to the level of a constitutional violation, Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Defendant's actions must "shock the conscience," Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1196 (11th Cir. 2003). See also Redd v. Conway, 2005 WL 3528932 (11th Cir. Dec. 22, 2005)(citations omitted).

undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility" are a proper basis to deny plaintiff's motion. See Foman v. Davis, 371 U.S. 178, 182 (1962).

In the present case, only defendants Lister and Meritt have filed answers to the Amended Complaint. (Doc. ## 123, 124.) The Court finds that justice requires that plaintiff be granted leave to file an amended complaint. While the Court recognizes that Lister and Meritt have already filed answers, the claims against them cannot be legally sustained under the Eighth Amendment as discussed above. There will be no prejudice to any other defendants, as they will have an opportunity to file new dispositive motions, if appropriate, and answers.

Accordingly, it is now

**ORDERED**:

1.   Defendant Windish's Motion to Dismiss (Doc. #175) is **granted**.

2.   Defendant Sheriff Davenport's Motion to Dismiss (Doc. # 176) is **granted.**

3.   Defendant Fawcett Memorial Hospital's Motion to Dismiss (Doc. #178) is **granted.**

4.   Plaintiff may file a "Second Amended Complaint" within **thirty (30)** days asserting a Fourth and Fourteenth Amendment claims.  If Plaintiff does not file a "Second Amended Complaint" within the time provided, judgment will be entered on the Amended

Complaint and the case closed.

**DONE AND ORDERED** at Fort Myers, Florida, this __25__ day of June, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record